IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

R. DAVID WEISSKOPF,

                         Plaintiff,                        ORDER

  v.

                                                        11-cv-665-slc

YAAKOV NEEMAN, MOSHE KAHLON,
SIMONA SHTEINMETZ, RUTH EISENMANN,
EDNA BROWNSHTEIN, ORLI OSTERMANN,
DR. SILVAO GUTKOVSKY and
P.E.F. ISRAEL ENDOWMENT FUND, INC.,

                         Defendants.

---

This is a civil action that plaintiff R. David Weisskopf, proceeding pro se, has filed against defendants Yaakov Neeman, Moshe Kahlon, Simona Shteinmetz, Ruth Eisenmann, Edna Brownshtein, Orli Ostermann, Dr. Silvao Gutkovsky and P.E.F. Israel Endowment Fund. On September 29, 2011, I granted plaintiff leave to proceed without prepayment of fees or costs and I ordered plaintiff's complaint to be taken under advisement to determine whether this action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff has now paid the $350 filing fee in this action. Accordingly, the court no longer needs to screen plaintiff's complaint and his motion for leave to proceed *in forma pauperis* will be denied as unnecessary. *See* dkt. 2.

On December 28, 2011, plaintiff filed an amended complaint with the court. According to the Fed. R. Civ. P. 15(a)(1), a party may amend a pleading once as a matter of course before being served with a responsive pleading. Defendants have not yet been served in this case. Therefore, plaintiff's amended complaint is accepted as the operative pleading in this case. *See* dkt. 5.

Because plaintiff now has paid the full filing fee in this case, the next step is for plaintiff to serve his amended complaint on the defendants. Defendants Neeman, Kahlon, Shteinmetz, Brownshtein, Gutkovsky, Eisenmann and Ostermann reside in the country of Israel. The United

States and Israel are parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. To help plaintiff understand the procedure for serving a complaint on defendants in the country of Israel, plaintiff is encouraged to visit the United States Department of State's website at http://travel.state.gov/law/judicial/judicial_3172.html. According to the instructions on that website, a service request form, USM-94 (enclosed) should be completed for each defendant in duplicate and submitted with two sets of the amended complaint documents to be provided directly to the Israeli Central Authority at The Director of Courts, Directorate of Courts, 22 Kanfei Nesharin St., Jerusalem 95464, P.O.B. 34142, Israel. Plaintiff is encouraged to call the Israeli Director of Courts at +972 (2) 655 6847 or visit the Hague Conference website at http://www.hcch.net/index_en.php?act=authorities.details&aid=260 for more complete information.

  Defendant P.E.F. Israel Endowment Fund, Inc. is a non-profit corporation located in New York, New York. To help plaintiff understand the procedure for serving a complaint on a corporation located within the United States, I am enclosing with this order copies of documents titled "Procedure for Serving a Complaint on a Corporation in a Federal Lawsuit." Pursuant to Wis. Stat. § 39.07, plaintiff should serve defendant P.E.F. Israel Endowment Fund, Inc. according to the procedure for serving a corporation in a federal lawsuit. Plaintiff should follow the instructions in accordance with the procedures set out in Option 2 of the memorandum.

  On a final note, plaintiff has filed a motion for extension of time to serve defendants. *See* dkt. 6. Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendants. Most of the defendants listed on plaintiff's amended complaint are located outside of the United States. According to the Fed. R. Civil. P. 4(m), the time limit to serve the complaint on defendants does not apply to service in a foreign country. Plaintiff's motion is unnecessary with respect to the defendants located outside of the United States. Defendant P. E. F. Israel Endowment

Fund, Inc., however, is located within the United States. Therefore plaintiff's motion for extension of time to serve defendants will be granted in part and denied in part. Plaintiff may have an additional 60 days to service defendant P. E. F. Israel Endowment Fund, Inc.

ORDER

IT IS ORDERED that:

1. Plaintiff R. David Weisskopf's motion for leave to proceed *in forma pauperis*, dkt. 2, is DENIED as unnecessary.

2. Plaintiff's motion for extension of time to serve his complaint on defendants, dkt. 6, is GRANTED in part and DENIED in part. Plaintiff may have an additional 60 days to serve defendant P. E. F. Israel Endowment Fund, Inc. His motion is denied as unnecessary with respect to defendants Neeman, Kahlon, Shteinmetz, Brownshtein, Gutkovsky, Eisenmann and Ostermann.

3. The clerk of court is directed to issue the summonses for the defendants in this case. Plaintiff must then serve the summons and amended complaint on the defendants promptly. He should file proof of service of his complaint as soon as he has served each defendant. ("Proof of service" as provided by the Hague Convention and as explained in the attachment on service of a corporation.) By June 9, 2012, plaintiff is to file proof of service of his complaint on the defendants or tell the court why he cannot do so. If he does not file the proof of service or explain why he could not serve the defendants, I will order him to explain why his case should not be dismissed for lack of prosecution.

Entered this 9th day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge